## Sproull, administrator, *vs.* Seay.

1. When this case was here at the last term, on substantially the same facts as are now brought up, this court held that it was error to award a non-suit; that an administrator can recover from a bidder at his sale, who fails to comply with his bid, the difference between the amount bid and what the land subsequently sold for; that if the second sale be delayed at the instance of the bidder, this delay will not relieve him; and that, if the second bidder does not comply with his bid, and the property is sold a third time, and the last sale is delayed at the instance of the first bidder, he will still be liable for the difference between what the property brought at the last sale and the amount of his bid at the first sale.

2. It was error to charge, in effect, that if the bidder at the second sale bid for himself, and not as agent of the bidder at the first

sale, then the administrator could not recover. The liability of the bidder at the first sale continued until the final sale, the bidder at the second sale having refused to comply with his bid; and when the sale was completed and the terms complied with by the bidder, then the measure of the first bidder's liability was fixed at the difference between his bid and what the property brought at the final sale.

3. Whether a delay in offering the property for sale a second time, when it has once been offered and the bidder has refused to comply with his bid, is unreasonable or not, is a mixed question of law and fact, to be determined by the jury under proper instructions from the court, and it is error for the court to determine this question himself.

December 15, 1885.

Administrators and Executors. Sales. Damages. Before Judge BRANHAM. Floyd Superior Court. March Adjourned Term, 1885

This case will be found fully reported in 74 *Ga.*, 676. When it again came on for trial in the superior court, the court charged, in substance, as stated in the second headnote. The jury found for the defendant. The plaintiff moved for a new trial, which was refused, and he excepted.

DABNEY & FOUCHE, for plaintiff in error.

WRIGHT, MEYERHARDT & WRIGHT, for defendant.

BLANDFORD, Justice.

When this case was before this court at the last term upon a non suit, the facts being substantially as they now are, this court reversed the court below, awarding a nonsuit, holding that " an administrator can recover from a bidder at his sale, who fails to comply with his bid, the difference between the sum bid and that which the land subsequently sold for;" that if the second sale be delayed at the instance of the bidder, this delay will not relieve him; and that if the second bidder does not comply with his bid,

and the property is sold a third time, and the last sale is delayed at the instance of the first bidder, he would still be liable for the difference between what the property brought at the last sale and the sum he bid at the first sale.

When the case was tried, the court charged the jury that, if Palmer bid at the second sale for himself, and not as the agent for Seay, then the plaintiff could not recover. We think this charge is erroneous. Seay's liability continued, when Palmer refused to comply with his bid, until the final sale. When the sale was completed and the terms complied with by the bidder, then the measure of Seay's liability was fixed as the difference between what the land brought at the final sale and that which he bid at the first sale. Whether a delay in offering the property for sale, when it has been once offered, and the bidder has failed to comply with his bid, be unreasonable, is a mixed question of law and fact, to be determined by the jury under proper instructions from the court, and it is error for the court to determine this question himself.

The questions in this case were virtually determined when the case was here before.

Judgment reversed.